**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Richard W. Porter
Deerfield Road Realty Trust

          v.                              Civ. No. 25-cv-528-SE-AJ

Town of Allenstown, NH, et al.


**REPORT AND RECOMMENDATION**

On March 3, 2026, the court granted self-represented plaintiff Richard Porter leave to amend his complaint to correct several legal deficiencies identified in the order to amend. (Doc. No. 3). Mr. Porter having timely responded, his Amended Complaint (Doc. No. 4) is before the undersigned magistrate judge for preliminary review.[1] See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). As explained more fully below, the Amended Complaint should be dismissed.

**Standard of Review**

The magistrate judge conducts a preliminary review of pleadings, like Mr. Porter's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among

---

[1] Mr. Porter has attached several documents to his Amended Complaint, including an affidavit. (Doc. No. 4-1). The court is taking all of Mr. Porter's filings into consideration in its analysis.

other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### **Factual Allegations**

Mr. Porter's Amended Complaint is disorganized and difficult to follow. He appears to assert that defendants David and Carol St. Onge are illegally living in a home in Allenstown, New Hampshire that he, or a trust of which he is a trustee, owns. He further alleges that the Town of Allenstown is "shielding" the St. Onges from legal repercussions and instead threatening to arrest him. Finally, Mr. Porter alleges that in September 2024, a New Hampshire Superior Court judge ordered the St. Onges to vacate the home, pay him "25 years of back rent and

further ordered the Allenstown police to leave [him] alone." [2] Nevertheless, the St. Onges remain in the home.[3]

## Analysis

The only discernable claim in the Amended Complaint is that the defendants have failed to comply with a New Hampshire Superior Court order. It is not, however, "the function of this Court to enforce state court orders." LeBlanc v. Rhode Island, No. CA 11-101 M, 2011 WL 7099502, at *9 (D.R.I. Dec. 21, 2011), report and recommendation adopted sub nom. LeBlanc v. Wall, No. CA 11-101-M, 2012 WL 244383 (D.R.I. Jan. 25, 2012)) (citing Beaudoin v. Michigan Racing Inc., 30 Fed. Appx. 575, 576 (6th Cir. 2002) (noting that "the appropriate recourse available to [the plaintiff], for the alleged violations of the state court's order, was to advise the state court of the alleged violations and to pursue the matter in the [state] courts")); Bartlett v.

---

[2] Mr. Porter did not provide a copy of the order he describes, nor can the court locate it. State court dockets from three cases Mr. Porter filed against the St. Onges show that each was dismissed, and that none appear to have resulted in the type of order that Mr. Porter describes.

[3] The court notes that since October 3, 2023, Mr. Porter has filed numerous lawsuits in the District of Massachusetts in which he claimed that individuals are unlawfully occupying and claiming ownership of properties of which he is the true owner, including at least two that reference the same Allenstown property as in this suit. See R. William Porter Enters. Corp. v. Roy, No. CV 24-40034-DHH, 2024 WL 6047391, at *1 (D. Mass. Mar. 14, 2024) (and cases listed therein). All were dismissed either as frivolous or due to improper venue.

Wells, No. EDCV 07-00546 SGL (JCRx), 2008 WL 4390151, at *3 (C.D. Cal. Aug. 29, 2008)(noting "impropriety of having a federal court enforce a state court's orders"); see also Rivera v. Comm'r of Dep't of Corr., No. 3:20-CV-1333 (SRU), 2021 WL 293254, at *6 (D. Conn. Jan. 27, 2021) (holding that plaintiff "must seek enforcement of state court orders in state court.").

Accordingly, this case should be dismissed without prejudice to Mr. Porter's ability to seek relief in state court.

## Conclusion

Based on the foregoing, the district judge should dismiss the Amended Complaint (Doc. No. 4) without prejudice to Mr. Porter's ability to seek relief in state court for the defendants' alleged violation of state court orders.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right

to appeal the district court's order. See Santos-Santos v.
Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


Andrea K. Johnstone
United States Magistrate Judge


April 24, 2026

cc:   Richard W. Porter, pro se